UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

HERMAN WILLIAMS,

             Petitioner,

v.

A. MONTAGARI, *Superintendent*,

             Respondent.

**MEMORANDUM & ORDER**
22-CV-05849 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Petitioner Herman Williams is currently incarcerated at Mohawk Correctional Facility, a New York state prison, pursuant to a conviction for burglary in the second degree entered following his guilty plea in the Supreme Court of the State of New York, County of Queens. He has filed a petition for habeas corpus challenging that conviction pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 2. For the reasons set forth below, the Court denies the Petition because it was filed outside of the applicable statute of limitations, all of its claims are unexhausted, many are procedurally defaulted, and the only claims that Petitioner has clearly described fail on the merits.

## PROCEDURAL HISTORY

Several years before Petitioner was charged with the crimes that gave rise to his habeas petition, a judge of the Queens County Criminal Court entered an order of protection against Petitioner, prohibiting him from having various forms of contact with his victim. ECF No. 16-1 at 3. In March 2019, while that order of protection was still in effect, a police officer filed a criminal complaint against Petitioner, alleging that Petitioner unlawfully entered the victim's apartment through the fire escape, punched the victim multiple times, stabbed her multiple times with a kitchen knife, and hit her multiple times in the head with a liquor bottle. *Id.* at 7–8.

Petitioner was subsequently indicted by a grand jury of two counts of burglary in the first degree, three counts of burglary in the second degree, one count of assault in the second degree, one count of aggravated criminal contempt, one count of criminal possession of a weapon in the third degree, one count of criminal mischief in the third degree, two counts of criminal contempt in the first degree, and one count of criminal contempt in the second degree. *Id.* at 10–18.

At the same time Petitioner was indicted, the assistant district attorney in charge of Petitioner's case separately alleged in a special information, pursuant to Section 200.60 of New York's Criminal Procedure Law ("CPL"), that Petitioner had a prior conviction for criminal contempt in the second degree. *Id.* at 19. That prior conviction was an element of the offense for Petitioner's second charge of criminal contempt in the first degree, in violation of New York Penal Law § 215.51(c). *See id.* at 10. That crime requires that "the defendant has been previously convicted of the crime of aggravated criminal contempt or criminal contempt in the first or second degree for violating an order of protection . . . within the preceding five years." N.Y.P.L. § 215.51(c).

When Petitioner was arraigned on the indictment, his counsel explained that Petitioner had wanted to testify before the grand jury but that counsel, "using [her] discretion, told him that he could not and should not testify." ECF No. 16-2 at 3. However, since Petitioner was ultimately indicted by the grand jury, his counsel explained that Petitioner "fe[lt] that his rights were violated by not being permitted to testify" and that he did not "have any faith in [his counsel's] ability going forward." *Id.* at 3–4. Petitioner's counsel therefore informed the court that Petitioner wanted "another attorney." *Id.* at 4. Petitioner confirmed that he was requesting a new attorney because his then-attorney had "waived [his] right" under New York law to testify before the grand jury, and he had not "ask[ed] her to do that." *Id.* The state court granted the

2

motion to withdraw by Petitioner's first attorney and appointed a new attorney to represent him. *Id.* at 5–6.

Petitioner's new attorney filed a motion to dismiss the indictment on the ground that when Petitioner was originally arraigned on a criminal complaint, he did not receive adequate notice that the district attorney's office was convening a grand jury and that he was permitted to testify before that grand jury. ECF No. 16-1 at 25–27, 36. The Queens County Supreme Court denied that motion, explaining, as described above, that the record of Petitioner's arraignment on the indictment reflected that Petitioner had previously been informed of his right to testify before the grand jury and that his prior attorney had waived that right on Petitioner's behalf. *Id.* at 48–50. The court further held that "there is no constitutional right to testify before a grand jury" and that, as a matter of New York law, whether a defendant decides to exercise his statutory right to testify before the grand jury is a decision committed to the discretion of the defendant's attorney. *Id.* at 51–52.

After Petitioner's motion to dismiss the indictment was denied, he pled guilty to the third count in the indictment, burglary in the second degree, which was not the count associated with the special information. ECF No. 16-3 at 2–3, 12. The presiding judge questioned Petitioner about his plea, with his counsel present, to ensure that it was knowing and voluntary. *Id.* at 5–12, 16–17. During that allocution, Petitioner expressly said that he was satisfied with the services he had received from his second attorney. *Id.* at 6. He also acknowledged that as part of his plea agreement, he had waived his right to appeal, and he confirmed that he had received advice from his attorney about the consequences of that waiver. *Id.* at 8–10. On July 29, 2021, the state court imposed a sentence of 3.5 years of incarceration, followed by 2.5 years of post-

release supervision, both of which were the terms agreed upon in Petitioner's plea agreement. ECF No. 16-4 at 5.

Consistent with the appeal waiver in Petitioner's plea agreement, Respondent's counsel represents that Petitioner never filed a state court appeal of his conviction and that he also has not commenced a state court collateral attack on his conviction, pursuant to CPL § 440.10 or any other procedural mechanism. ECF No. 16 ¶ 4. The Court has conducted its own search of the publicly available dockets maintained electronically by the New York State Unified Court System and has similarly found no such proceedings. Despite neither filing an appeal nor motion to vacate his conviction in state court, Petitioner filed a petition for habeas corpus dated September 14, 2022. ECF No. 2. The Petition was originally filed in the U.S. District Court for the Southern District of New York but was transferred to this District because Petitioner's conviction was imposed by a state court within this District. ECF Nos. 2, 3.

The Petition asserts that Petitioner was improperly charged by a superior court information in violation of CPL § 195.20, *see* ECF No. 2 at 2, which requires that any defendant's waiver of his right under New York law to be charged by indictment must be made in writing and "signed by the defendant in open court in the presence of his attorney," *see* CPL § 195.20. Petitioner asserts that the purported violation of CPL § 195.20 also violated his rights protected by the Fifth Amendment, which requires that all federal felonies be charged by an indictment issued by a grand jury, and the Fourteenth Amendment, which incorporates various constitutional rights against the states. ECF No. 2 at 2. Petitioner also asserts that an indictment returned by a grand jury was required by Article I, Section 6 of New York's constitution, which establishes a right analogous to the Fifth Amendment's Grand Jury Clause. ECF No. 2 at 4.

4

Although the Petition focuses mostly on Petitioner's allegation that he was improperly charged by information rather than by indictment, Petitioner alleges several other constitutional violations. He asserts that his conviction violates Article III, Section 2, Clause 3 of the Constitution, which requires that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed." ECF No. 2 at 5. Petitioner also asserts that his Sixth Amendment right to effective assistance of counsel was violated because his lawyer, although he does not specify which one, "conspired with the district attorney to violate all of my constitutional rights." *Id.* Finally, the Petition asserts that the Queens County Supreme Court "circumvented due process of law" and "intentionally denied [Petitioner] equal protection of the law," without explaining how any violations of the Due Process Clause or Equal Protection Clause of the Fourteenth Amendment allegedly occurred. *Id.* at 2–3.

## STANDARD OF REVIEW

To determine whether a petitioner in state custody is entitled to a writ of habeas corpus, Federal courts apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That statute provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law only if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court" or, "when presented with facts that are materially indistinguishable from a relevant Supreme Court precedent," the state court arrived at a different result. *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013).[1] The writ may also be granted if a state court decision is an "unreasonable application" of clearly established federal law, meaning "the state court identifie[d] the correct governing legal principle from [Supreme Court] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

In addition to correcting a state court's errors of law, a district court may grant a writ of habeas corpus when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court's determination of the facts is presumed to be correct, however, and the petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).

Since Petitioner is proceeding *pro se*, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *O'Neal v. New York*, 465 F. Supp. 3d 206, 216 (E.D.N.Y. 2020); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts "remain obligated to construe a *pro se* complaint liberally"). "Nonetheless, a *pro se* litigant is not exempt from compliance with

---

[1]   Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

relevant rules of procedural and substantive law." *Gutierrez v. Capra*, No. 14-cv-6887, 2019 WL 1508454, at *7 (E.D.N.Y. Apr. 5, 2019).

## DISCUSSION

The Court must deny the Petition for several reasons described more fully in the remainder of this decision. All the claims in the Petition are untimely because Petitioner failed to file the Petition within one year of when his conviction became final, as required by AEDPA's statute of limitations. Petitioner's claims are also unexhausted because of his failures to appeal his conviction through the state court system and to raise his ineffective assistance of counsel claims through a state court motion to vacate his conviction. Since Petitioner's time to file a direct appeal has expired according to New York law, all of his claims, other than the ineffective assistance of counsel claim, are procedurally defaulted because a New York court would not permit Petitioner to attempt to exhaust them at this stage.

Even if Petitioner's claims were not unexhausted and procedurally defaulted, his claims that he was deprived of his right to testify before the grand jury and his right to be indicted by a grand jury would fail to supply a meritorious ground for habeas relief because they are alleged violations of rights protected by New York state law, rather than rights secured by the United States Constitution or federal law. Petitioner's ineffective assistance of counsel claim also fails on the merits because the record reflects that Petitioner's first attorney made a permissible strategic decision by waiving Petitioner's state court right to testify before the grand jury.

### I. The Petition is Barred by AEDPA's Statute of Limitations

Habeas petitions brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The Petition is not based on evidence purportedly discovered after Petitioner's conviction or a constitutional right recognized by the Supreme Court for the first time after his conviction. *See* ECF No. 2. Nor has Petitioner alleged that he

7

was initially impeded from filing a habeas petition "by State action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B). Accordingly, the limitations period applicable to the Petition commenced on "the date on which the judgment [against Petitioner] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "In a criminal case, final judgment means sentence—in other words, the sentence is the judgment." *Francis v. Comm'r of Correction*, 827 F. App'x 129, 131 (2d Cir. 2020) (vacating denial of habeas petition and remanding case to determine when petitioner was sentenced on final count of multi-count indictment).

The timeliness of the Petition, therefore, hinges on when the period of direct review of Petitioner's conviction expired. The Supreme Court has instructed that "when petitioners forgo state-court appeals," courts must determine when their period of direct review expired by "look[ing] to state-court filing deadlines." *Gonzalez v. Thaler*, 565 U.S. 134, 152 (2012). Since Petitioner "did not file a direct appeal within the thirty (30) days prescribed by CPL § 460.10(1)(a)," his time to seek direct review of his conviction expired at the end of that 30-day period. *Payne v. New York*, No. 20-cv-5899, 2022 WL 3213043, at *9 (E.D.N.Y. Aug. 9, 2022) (denying habeas petition as untimely). Thirty days after Petitioner's sentencing on July 29, 2021, was a Saturday, so his time to appeal his sentence expired on the following business day, August 30, 2021. *See* N.Y. Gen. Constr. L. § 25-a(1); *Salaam v. N.Y. St. Supreme Ct.*, No. 19-cv-2293, 2019 WL 5788480, at *2 n.2 (E.D.N.Y. Nov. 6, 2019) (relying on weekend and public holiday rules established in N.Y. Gen. Constr. L. § 25-a(1) to assess compliance with statute of limitations for habeas petition).

Habeas petitions filed by state court prisoners are deemed timely filed if they are "deposited in the institution's internal mailing system on or before the last day for filing," and

timely filing can be shown by "a notarized statement." Rule 3(d) Governing Section 2254 Cases. Although the Petition does not specify the date that Petitioner delivered it to prison authorities for mailing, the first page of the Petition indicates that Petitioner swore to the accuracy of its contents before a notary on September 14, 2022, so that is the earliest possible date when Petitioner could have delivered the Petition for mailing. ECF No. 2 at 1. Since that day falls after August 30, 2022, the Petition was filed more than one year after Petitioner's period of direct review expired and is therefore untimely.

Petitioner, who declined to file a reply to Respondent's opposition to the Petition, has not even attempted to explain the lateness of the Petition. Accordingly, he has not established any basis for equitable tolling. A habeas petitioner "may secure equitable tolling of the limitations period in certain rare and exceptional circumstances. The petitioner must establish that (a) extraordinary circumstances prevented him from filing a timely petition, and (b) he acted with reasonable diligence during the period for which he now seeks tolling." *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015). Although Petitioner's conviction became final at a point during the COVID-19 pandemic when the courts and prisons, including prison law libraries, had greater restrictions on access, even if Petitioner were to have asserted that as a reason for his delay, he would not be entitled to equitable tolling. *See Perez v. Johnson*, No. 21-cv-3061, 2023 WL 4405656, at *5 (E.D.N.Y. July 7, 2023) (holding that fact "that prison law libraries were closed or ran at partial capacity during the pandemic" was "not an extraordinary circumstance" that merited equitable tolling).

Petitioner has also failed to demonstrate that the equitable exception to AEDPA's statute of limitations, established by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995), applies to excuse his untimely Petition. The Supreme Court has authorized "petitioners who assert their

9

actual innocence" to file a habeas petition, regardless of their failure to comply with the statute of limitations, if they can demonstrate that "new evidence shows that it is more likely than not that no reasonable juror would have convicted them." *Cosey v. Lilley*, 62 F.4th 74, 77 (2d Cir. 2023) (affirming denial of habeas petition and describing *Schlup* and its progeny). "Equitable tolling . . . differs from *Schlup's* equitable exception to AEDPA's one-year time limit in that equitable tolling *extends* AEDPA's statute of limitations, while a *Schlup* actual innocence claim *excuses* an untimely filing." *Id.* at 80 n.7 (emphasis in original). Petitioner, who pled guilty, has not even asserted his innocence—let alone proffered new evidence supporting his innocence. *See* ECF No. 2. Instead, Petitioner has merely raised arguments about the procedural adequacy of the charging instrument and the effectiveness of his counsel. *See id.* The equitable exception for petitioners who maintain their actual innocence, therefore, does not apply to the Petition.

## II. Petitioner's Claims Are Unexhausted, and Many Are Procedurally Defaulted

A district court may not grant a state prisoner's habeas petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To comply with the exhaustion requirement, a habeas petitioner must "fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). "While a state prisoner is not required to cite chapter and verse of the Constitution in order to satisfy this requirement, he must tender his claim in terms that are likely to alert the state courts to the claim's federal nature." *Id.* The obligation to exhaust entails continuing state court appeals up to and including an attempted appeal to "a state supreme court with powers of discretionary review." *Bowman v. Capra*, No. 21-1822-cv, 2023 WL 4339502, at *2 (2d Cir. July 5, 2023) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Accordingly, Petitioner was required not only to appeal his

conviction to the New York Supreme Court's Appellate Division, but also to seek leave to appeal from the New York Court of Appeals.

The Petition is unexhausted because Petitioner did not appeal his claims to any state court and instead proceeded directly to file a federal habeas petition. Additionally, if Petitioner were to return to state court now to attempt to appeal his conviction, his appeal would be untimely, since New York's one-year deadline to seek to file a late appeal has expired. *See* CPL § 460.30(1). A district court "must deem [a] claim procedurally defaulted" under circumstances like these, in which a "state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule." *Jackson*, 763 F.3d at 133. All of Petitioner's claims other than his ineffective assistance of counsel claim are, therefore, procedurally defaulted because he could have brought them in a direct appeal.

Petitioner's claim for ineffective assistance of counsel, on the other hand, is unexhausted but not procedurally defaulted. The Court interprets Petitioner's allegation that one of his unnamed attorneys "conspired with the district attorney to violate all of my constitutional rights" as a reference to the fact that Petitioner's first attorney advised him not to testify before the grand jury and waived that right on his behalf. *See* ECF No. 2 at 5. "[A]n ineffective assistance of counsel claim is not generally amenable to resolution on the basis of the main record because such a claim tends to rely on matters outside the record concerning defense counsel's choice of trial strategy." *O'Neal*, 465 F. Supp. 3d at 219. The Appellate Division, therefore, would likely have refused to consider such a claim if Petitioner had filed a direct appeal, and Petitioner would have been required to bring the claim through a CPL § 440.10 motion to vacate his conviction. *See Morrow v. Capra*, No. 18-cv-5765, 2022 WL 970728, at *10–11 (E.D.N.Y. Mar. 31, 2022)

11

(concluding that claim of ineffective assistance of counsel, based on allegation that counsel "waived [petitioner's] right to testify before the grand jury without his permission," would need to be raised in a CPL § 440.10 motion). Since "there is no time limit to filing a motion under CPL § 440.10," Petitioner's ineffective assistance of counsel claim is not procedurally defaulted because he could still present it in state court. *O'Neal*, 465 F. Supp. 3d at 219.

When courts are presented with a habeas petition that contains some claims that are not exhausted but still capable of being exhausted, the Supreme Court has authorized courts to stay the petition while the petitioner returns to state court to attempt to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Courts may grant such stays, however, "only in limited circumstances." *Id.* at 277. A court must find that "there was good cause for the petitioner's failure to exhaust his claims first in state court" and, even if good cause exists, may not grant "a stay when [the petitioner's] unexhausted claims are plainly meritless." *Id.* The Court declines to provide Petitioner with a stay to attempt to exhaust his ineffective assistance of counsel claim since Petitioner has offered no explanation for his failure to exhaust that claim, and the claim lacks merit for the reasons further explained below.

### III. Petitioner's Claims Fail on the Merits

The only claims that Petitioner has presented with any clarity also fail on the merits. "[F]ederal habeas corpus relief does not lie for errors of state law" because "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting 28 U.S.C. § 2254(a)). Both of the purported rights on which Petitioner stakes his claims—the right to be indicted by a grand jury and the right to testify before that grand jury—are rights that exist solely because of New York law. Petitioner's claims based on those rights therefore fail, and his claim that his

attorney provided ineffective assistance in connection with his right to testify before the grand jury also fails.

As explained above, the factual record flatly contradicts Petitioner's assertion that he was charged by a superior court information without properly waiving indictment according to the procedures specified by New York law. Instead, the record demonstrates that a grand jury returned an indictment charging Petitioner with twelve different crimes, and an assistant district attorney separately filed a special information alleging that Petitioner had a prior conviction, which was an element of one of the crimes charged in the indictment. ECF No. 16-1 at 10–19. "A special information is a statutory creature found in C.P.L. § 200.60," which "provides, in sum and substance, that when the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction." *Singleton v. Lee*, No. 10-cv-6094, 2013 WL 3187106, at *4 (W.D.N.Y. June 20, 2013) (denying habeas petition challenging manner in which petitioner was arraigned on special information). "The purpose of C.P.L. § 200.60 is to give a defendant the opportunity to stipulate to a prior conviction so as to avoid the prejudicial impact of having the prior offense proven to the jury." *Id.* To the extent that Petitioner is challenging the manner in which the assistant district attorney and Queens County Supreme Court followed New York's procedures related to charging a defendant with a special information, such a claim "asserts an issue of state criminal procedure and does not set forth a claim of federal constitutional magnitude cognizable in this habeas proceeding." *Id.*

Petitioner's factually incorrect claim that he was charged solely by an information rather than an indictment returned by a grand jury would also fail even if its factual predicate were true.

13

"The Supreme Court has held that the due process clause 'does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury.'" *Daniels v. Lee*, No. 17-cv-7922, 2022 WL 1948524, at *10 (S.D.N.Y. June 6, 2022), *report and recommendation adopted in full*, 2022 WL 4586076 (S.D.N.Y. Sept. 29, 2022) (quoting *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972)) (denying habeas petition). Since the requirement that felony crimes must be charged by indictment has not been incorporated against the states, a habeas petition that seeks to vindicate the New York constitution's analogous indictment requirement "does not implicate the federal Constitution or federal law." *Barnhill v. Superintendent*, No. 16-cv-3085, 2020 WL 5981642, at *3–4 (E.D.N.Y. Oct. 8, 2020) (denying habeas petition by New York prisoner challenging his waiver of right to indictment).

The legal authorities cited in the Petition cement the Court's conclusion that Petitioner, by alleging that he never properly waived his right to indictment, is attempting to vindicate a state law right. The Petition invokes Article I, Section 6 of the New York constitution, which establishes a person's right to be indicted by a grand jury for certain crimes, and CPL § 195.20, which specifies the procedure by which a defendant may waive that right. ECF No. 2 at 4. The Petition also cites several decisions by various New York courts, all of which were based on those courts' interpretations of the New York constitution and CPL § 195.20, rather than rights established by the U.S. Constitution or other federal law. ECF No. 2 at 6.[2]

---

[2]   *See People v. Milton*, 989 N.E.2d 962, 964 (N.Y. 2013) (interpreting the extent to which CPL § 195.20 allows a superior court information to allege facts not contained in an earlier felony complaint and refusing to vacate defendant's guilty plea); *People v. Myers*, 109 N.E.3d 555, 558–59 (N.Y. 2018) (holding that the New York constitution does not require an oral colloquy about the voluntariness of defendant's waiver of right to indictment, so long as defendant presents signed written waiver in the manner required by CPL § 195.20); *People v. Cross*, 111 N.Y.S.3d 137, 142 (3d Dep't 2019) (vacating conviction because neither the New York constitution nor CPL § 195.20 permitted defendant to be charged in a superior court information with an offense that was more serious than the offenses charged in prior felony

14

To the extent Petitioner claims that he was deprived of his right under New York law to testify before the grand jury that indicted him, that claim also fails on the merits. Since, as explained above, the U.S. Constitution's requirement that federal felony crimes be charged by a grand jury has not been incorporated against the states, "[i]t thus 'is well established that defendants have no constitutional right to appear before a grand jury.'" *Daniels*, 2022 WL 1948524, at *10 (quoting *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990)). Instead, "the right to appear in front of a grand jury is a statutorily created right in the state of New York." *Rucano v. LaManna*, No. 18-cv-4586, 2021 WL 4521900, at *6 (E.D.N.Y. Oct. 4, 2021) (citing CPL § 190.50). Multiple courts in this District have, therefore, denied habeas petitions based on that right because it "is not cognizable on federal *habeas* review." *Id.*; *see also Hunter v. Annucci*, No. 19-cv-1321, 2023 WL 3179698, at *11 (E.D.N.Y. May 1, 2023) (holding that right was "not cognizable in a federal habeas proceeding" because it was "rooted in state law").

Petitioner cannot overcome this obstacle by attempting to repackage the alleged violation of a state law right as a federal ineffective assistance of counsel claim. "[T]he Supreme Court [has] promulgated a two-prong test to evaluate ineffective assistance of counsel claims: a defendant must demonstrate both 'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *Garner v. Lee*, 908 F.3d 845, 861–62 (2d Cir. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (denying habeas petition). Petitioner has failed to satisfy the first prong, which requires that "[t]he record must demonstrate

---

complaint); *People v. Colon-Colon*, 92 N.Y.S.3d 520, 525 (4th Dep't 2019) (vacating conviction because written waiver of indictment did not comply with requirement in CPL § 195.20 to identify the dates on which a defendant's alleged crimes occurred); *People v. Thebodeau*, No. 54-18, 2019 WL 1048947, at *2–3 (N.Y. Sup. Ct. Columbia Cty. Feb. 27, 2019) (dismissing superior court information, and denying prosecutor's motion for opportunity to amend defendant's written waiver, because the waiver failed to identify the dates on which a defendant's alleged crimes occurred, as required by CPL § 195.20).

that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Gross v. Graham*, 802 F. App'x 16, 18 (2d Cir. 2020) (affirming denial of habeas petition). Petitioner's state court counsel was permitted "strategically [to] decide his client should not testify before the grand jury and . . . counsel's failure to honor his client's wishes to testify before the grand jury does not amount to ineffective assistance of counsel." *Hunter*, 2023 WL 3179698, at *12 (denying habeas petition).

## CONCLUSION

For the reasons set forth above, the Court DENIES with prejudice the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 2. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Any additional request for a certificate of appealability must be addressed to the Second Circuit. *See* Fed. R. App. P. 22(b). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Petitioner *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Court respectfully directs the Clerk of Court to enter judgment denying the Petition, to close this case, and to mail Petitioner a copy of this order and the judgment.

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
       August 25, 2023